## K. J. WESTERBERG ET AL. v. KINZUA ETC. R. CO.

[142 471]
[169 554]
[142      471]
[d 31 SC 111]

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF McKEAN COUNTY.

Argued May 6, 1891—Decided May 18, 1891.

Parents who suffer their children of tender years to wander along the tracks of a railroad, where they are run down and killed by a railroad car, are guilty of such contributory negligence as will prevent a recovery of damages: Hydraulic Works Co. v. Orr, 83 Pa. 332, distinguished and restricted.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 402 January Term 1891, Sup. Ct.; court below, No. 466 October Term 1889, C. P.

On September 25, 1889, Karl J. Westerberg and Christina, his wife, brought trespass against the Kinzua Creek & Kane

Railroad Company, to recover damages for the death of the plaintiffs' two minor children, charged to the negligence of the defendant company.   Issue.

At the trial, on November 29, 1890, it was shown that, on June 22, 1889, two of the plaintiffs' children, one of them nearly four years of age and the other about two, were in the woods gathering flowers, in company with their two sisters, the elder of whom was about fourteen years of age.   On their return home, all the children came from the woods at the point where the railroad of defendant company crossed a public highway, and entered a street called Dawson street in the borough of Kane.   The children followed the railroad from the crossing in the direction of their home, when a loaded coal-car, detached from a train accidentally, came down a grade somewhat faster than the ordinary speed of trains on this road, and ran over and killed the two younger children.   There was evidence in the testimony of one of the older sisters, who had charge of the children, that they were in the habit of going along the railroad track to and from the woods once or twice a month, and sometimes they told their parents where they had been; but there was no evidence of any effort on the part of the parents to keep their children off the railroad.   Karl J. Westerberg, one of the plaintiffs, was employed as a section-man on the railroad, and his dwelling was near a corner of Dawson street along which the railroad passed.

At the close of the testimony, the court, MORRISON, J., on motion of the defendant's counsel, directed a judgment of nonsuit to be entered, with leave, etc.

A rule to show cause why the judgment of nonsuit should not be vacated having been argued, the court, MORRISON, J., on February 23, 1891, filed an opinion, wherein, citing Cauley v. Railway Co., 95 Pa. 401; McMullen v. Railroad Co., 132 Pa. 117, and Moore v. Railroad Co., 99 Pa. 305, the said rule was discharged; exception.   Thereupon, the plaintiffs took this appeal, assigning the order entering the judgment of nonsuit, and the order discharging the rule to show cause, etc., for error.

*Mr. J. M. McClure* (with him *Mr. Eugene Mullin*), for the appellants.

Counsel cited: Phila. etc. R. Co. v. Hummell, 44 Pa. 375; Hydraulic Works Co. v. Orr, 83 Pa. 332; Gillespie v. McGowan, 100 Pa. 144; Gramlich v. Wurst, 86 Pa. 74; Penna. Co. v. Lewis, 79 Pa. 33; Moore v. Railroad Co., 99 Pa. 301; Phila. etc. R. Co. v. Long, 75 Pa. 257; Pittsb. etc. Ry. Co. v. Pearson, 72 Pa. 169.

*Mr. J. Ross Thompson* (with him *Mr. N. M. Orr*), for the appellee.

Other than cases cited for the appellants, counsel cited: Gillis v. Railroad Co., 59 Pa. 129; Cauley v. Railway Co., 95 Pa. 401; McMullen v. Railroad Co., 132 Pa. 117; Rodgers v. Lees, 140 Pa. 475.

PER CURIAM:

Much as we deplore the sad accident by which the plaintiffs two children were killed, we cannot say the court below erred in entering a judgment of nonsuit. The children referred to, both of tender years, accompanied by an elder sister of about fourteen, had been out to the woods to gather flowers. Upon their return, they were walking upon the railroad track, when a loaded coal-car, which had broken loose from the train, came down the road, struck the two younger children, and inflicted injuries of which they died.

If we concede there was negligence on the part of the company, in permitting the car to become detached and run down the road without any one to control it, the fact remains that the children were walking upon the track, and, while they could not be charged with contributory negligence, by reason of their tender years, this suit is brought by their parents, who may be properly so charged. A parent owes a reasonable duty of protection to his children, and cannot cast the whole of that duty upon strangers. If he permits them, when of tender years, to wander off in places of known danger, and by reason thereof an accident occurs to them, he has no just claim to make others bear the consequences of his own neglect. We have a number of cases in which this principle has been enforced. In Phila. etc. R. Co. v. Hummell, 44 Pa. 375, it was said that children of a tender age cannot be upon a railroad track without a culpable violation of duty by their parents or

Opinion of the Court.

guardians. In Phila. etc. R. Co. v. Long, 75 Pa. 257, it was said by AGNEW, C. J.: "To suffer a child to wander in the street has the sense of permit. If such permission or sufferance exist, it is negligence." To the same point is Cauley v. Railway Co., 95 Pa. 398; and see, also, Gillespie v. McGowan, 100 Pa. 144. Hydraulic Works Co. v. Orr, 83 Pa. 332, was much relied upon by plaintiffs, but is not in point. In that case the child was injured by the fall of a heavy platform, which, when not in use, rested in an upright position against a wall, yet so evenly balanced as to fall down with a slight touch. It was designated as a "dangerous trap," in the opinion of the court. Neither the children nor their parents had anything to put them on their guard against this danger. But the track of a railroad is always a place of danger, and is known to be such by every one. Aside from this, Hydraulic Works Co. v. Orr, as was said in Gillespie v. McGowan, supra, "is authority only for its own facts."

It was contended, however, that one of the children was killed at a crossing, and that as to the one so killed a different rule is applicable. We need not discuss this proposition, as the evidence for the plaintiffs clearly shows that the children were walking upon the track, and were killed, not at a crossing, but between two crossings. We have examined the evidence with care, and it does not sustain the plaintiffs' contention. Their own witnesses, who saw the transaction, are clear upon this point. The only fact from which a contrary inference was sought to be drawn was that some blood was found at or near the crossing. This was not sufficient to overcome the clear proof of several witnesses for the plaintiffs, two of whom were their own children. It was not enough to submit to a jury. It was but a scintilla, and the day is past for allowing or sustaining verdicts upon a mere scintilla.

Judgment affirmed.