# Julia Dell *v.* Phillips Glass Company, Appellant.

*Negligence—Contributory negligence—Standing on railroad track—Evidence.*

In an action to recover damages for the death of plaintiff's husband, it appeared that the deceased was employed to carry the mails across the railroad to and from a station, that on the occasion of the accident he had crossed the main tracks of the railroad, with the mail bag on his shoulder, and had stopped on a side track between the main tracks and the station to converse with some friends. While standing on the side track, a freight car, alleged to have been negligently loosened on defendant's siding, ran down upon the side track and killed him. *Held*, that the deceased was guilty of contributory negligence, and that his wife was not entitled to recover damages for his death.

Argued April 23, 1895. Appeal, No. 54, Jan. T., 1895, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1893, No. 12, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband. Before FURST, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

"Negligence is defined in the law to be the want of due care and prudence, according to the circumstances of the case ; that is, either a failure to perform some duty which the law imposes upon a person, or the negligent performance of it. [Did this defendant exercise such care in guarding that car as, under the circumstances of this case, it was made his duty to do ? You have a car loaded with thirty or forty tons, upon a grade of six feet in a hundred, which would be nearly 317 feet in a mile, only held there by the brakes which were fastened before the car was loaded, and with blocks under the wheels. It is apparent from all the evidence in the case that the checks put upon the car to hold it in place were insufficient and it escaped.] [1] Now, did this defendant exercise that caution and care in holding that car there that the circumstances of this case required ? If not, then it is guilty in law of negligence ; and, being guilty in law of negligence, it would be liable, if nothing

else preventing, for all the probable consequences of that act. Therefore, if you find from this evidence that this defendant was guilty of the negligent management of that car, was the death of Mr. Dell a probable consequence, within their view at that time? You must remember that this car could run just where it did run; and that, in going that distance, it would acquire considerable velocity. This defendant is chargeable in law with whatever probable consequences would flow from its negligent act.

"If you find, then, that this defendant was guilty of negligence in the improper management and care of these cars, in not protecting them so that they would not escape, the next question that arises is: Was Mr. Dell guilty of what is termed in law contributory negligence? Contributory negligence is negligence on the part of the plaintiff or the plaintiff's decedent; and it consists of the want of such care and prudence as the circumstances of the particular case require. [Mr. Dell was the carrier of the mail; and, according to all the evidence in the case, there was nothing that would warn him of danger in occupying the position that he was in; and it was his duty, as soon as the accommodation came, to go to the north track and place the mail in the baggage car of the Altoona accommodation. He was there, according to the evidence, a few minutes before schedule time, when he was killed. Not having any apprehension of danger, being in the line of his duty and knowing that this defendant had no right upon that railroad track at the Mapleton station, so far as it was concerned, he was warned of no danger from its operations; and, giving that evidence its legitimate effect and considering and weighing all the circumstances surrounding the conduct of Mr. Dell, we feel constrained to say to you, upon the question of his contributory negligence, that there is no evidence in the cause affecting Dell with negligence on his part." [2]

Defendant's points and the answer of the court were as follows:

"1. Plaintiff's decedent, at the place of the accident, was not in the discharge of any duty and was a trespasser on the tracks of the Pennsylvania Railroad Company. *Answer:* This point is refused, and especially for the reason that the defendant had no privilege or right to use the railroad of the Pennsylvania

Railroad Company at this place; and, therefore, this point is immaterial. [3]

" 2. The plaintiff's decedent voluntarily assumed a specially hazardous place, and was so guilty of contributory negligence as to bar recovery, by the evidence in this case. *Answer:* This point we refuse. [4]

" 3. The plaintiff's decedent being an employee of the Pennsylvania Railroad Company at the time of the injury, the plaintiff is not entitled to recover. *Answer:* We refuse this point." [5]

Verdict and judgment for plaintiff for $2,654. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*George B. Orlady,* for appellant.—Responsibility for negligence does not extend to all the consequences that may by possibility result: Hoag v. Ry. Co., 85 Pa. 293; Pass. Ry. Co. v. Trich, 117 Pa. 390; Fredericks v. R. R., 157 Pa. 103.

The use of a railroad track, except at lawful crossings of public roads or highways, is exclusively for the company and employees: P. & R. R. Co. v. Hummell, 44 Pa. 375; Clark v. P. & R. R. Co., 5 W. N. C. 119; Westerberg v. R. R., 142 Pa. 471; Ry. v. Peet, 152 Pa. 488.

The deceased was guilty of contributory negligence: Palmer v. Deamy, 17 Weekly Dig. 145; P. S. R. R. Co. v. Taylor, 104 Pa. 306; Haven v. Bridge Co., 151 Pa. 620: Woods v. Lloyd, 16 Atl. R. 43; Pa. R. R. v. Aspell, 23 Pa. 147; Ry. v. Collins, 87 Pa. 405; Cauley v. P. C. & St. L. R. R., 95 Pa. 398; Westerberg v. R. R. Co., 142 Pa. 471; Myers v. B. & O. R. R., 150 Pa. 386; Spisak v. B. & O. R. R., 152 Pa. 281; Pa. R. R. v. Price, 96 Pa. 253; Cummings v. P. C. & St. L. Ry., 92 Pa. 82; Mulherrin v. D. L. & W. R. R., 81 Pa. 366.

*W. H. Woods, John M. Bailey* and *J. S. Woods* with him, for appellee.—The deceased was not guilty of contributory negligence: Gray v. Scott, 66 Pa. 345; Brown v. Lynn, 31 Pa. 510; Pittsburg v. Grier, 22 Pa. 54; Penna. v. Ogier, 35 Pa. 60; Penna. R. R. v. Hagan, 47 Pa. 244.

OPINION BY MR. JUSTICE DEAN, July 18, 1895:

The husband of plaintiff was an employee of the Pennsyl-vania Railroad Company; his work was to carry mail bags to and from Mapleton station, on arrival and departure of trains; he had been so engaged for about five years. After dark, on the evening of the 27th of October, 1892, about ten minutes before a train was due, he was at the station standing between the rails of a side track of the Pennsylvania railroad, being the inside track next the station house, when he was struck and killed by a box car then in use by the defendant company. The occasion of the accident was this:—Defendant is a corporation engaged in mining and shipping sand at that station; its sand quarry is about one mile from the station; a branch, called the Rocky Ridge Railroad, extends from the quarry to the main line of the Pennsylvania Railroad, and is connected with it by a switch at a point nine hundred and seventy feet from the station; the box car had been run on the branch and loaded with sand the day of the accident; the branch road has a very steep incline towards the main track; some distance towards the switch, from the quarry, and on a steep part of the grade, defendant had a wharf or platform from which to load sand; at that point stood this loaded car; the brakes were on and blocks at the wheels. Notwithstanding it was thus secured, the car that evening started down the steep grade, and having acquired great momentum broke through the switch, followed the side track of the main line from the switch to where Dell was standing, and killed him. His widow, averring his death was caused by defendant's negligence, brought suit for dam-ages. On the trial, the learned judge of the court below sub-mitted the question of defendant's negligence to the jury, but peremptorily instructed them there was no evidence of any contributory negligence on part of deceased. Under this in-struction, there was a verdict for plaintiff, and, as a consequence, this appeal by defendant, who prefers five assignments of error. It is not necessary to elaborately discuss all the several assign-ments; except the second and fourth, none of them can be sus-tained; in all other respects, the law was correctly stated, and the charge was altogether fair and impartial.

The fourth assignment alleges error in the court's answer to defendant's second point, which point and answer were as follows:

" The plaintiff's decedent voluntarily assumed a specially hazardous place, and was so guilty of contributory negligence as to bar recovery in this case.   *Answer :*  This point we refuse."

The reasons for this refusal, which constitute the second assignment of error, are to be found in the general charge as follows :—" Was Mr. Dell guilty of what is termed in law contributory negligence ?   Contributory negligence is negligence on the part of plaintiff, or plaintiff's decedent, and it consists of want of such care and prudence as the circumstances of the particular case require.   Mr. Dell was the carrier of the mail; and according to all the evidence in the case there was nothing that would warn him of danger in occupying the position he was in; it was his duty, as soon as the accommodation came, to go to the north track, and place the mail in the baggage car of the Altoona accommodation.   He was there, according to the evidence, a few minutes before schedule time, when he was killed.   Not having any apprehension of danger, being in the line of his duty, and knowing that this defendant had no right upon that railroad track at the Mapleton station, so far as it was concerned, he was warned of no danger from its operations; and giving that evidence its legitimate effect, and considering and weighing all the circumstances surrounding Mr. Dell, we feel constrained to say to you, upon the question of his contributory negligence, that there is no evidence in the cause affecting Dell with negligence on his part."

It seems to us, there is manifest error in the conclusions here drawn from the established and undisputed facts.   In front of the station and waiting room are four Pennsylvania railroad tracks; the two outside tracks are side tracks; the two middle ones for east and west bound trains; the side track next the station is about five feet from it; Dell's business there was to cross this track when the west bound train arrived and place the mail in the baggage car, and when struck he had the mail bag on his shoulder, for the train which was to take it was due in five to eight minutes; when he first reached the track, he met three or four acquaintances, and stood between the rails of the side track next the station, talking to them, for from five to ten minutes; while so standing, the sand car came from the Rocky Ridge branch, broke through the switch guards, ran on the side track where he was standing, and killed him.

From these facts, the learned judge concludes: 1. There was nothing to warn him of danger in occupying the position between the rails of the side track, nor had he reason to apprehend danger. 2. That while between the rails of this side track he was in the line of his duty.

Certainly, there was no evidence to impute contributory negligence to the deceased, if the law and facts warrant these conclusions. But do they? Negligence is the absence of care according to the circumstances. On railroad tracks, run cars and locomotives. Persons, animals and vehicles are in peril when on or between them, and except at crossings, and then only under suitable caution against collision, they are for the exclusive use of cars and locomotives: R. R. v. Hummell, 44 Pa. 375; Clark v. R. R. Co., 5 W. N. C. 119; Westerberg v. R. R. Co., 142 Pa. 471. This is the settled law; settled because of unvarying long observation and experience. If, then, Dell, at the time he was killed, was upon the track unnecessarily, he voluntarily assumed a position of great peril, unless there was something in the circumstances which took this particular track out of the dangers incident to railroad tracks. It was not frequently used for the passage of cars and trains; not nearly so often as either of the middle tracks, but that only rendered the danger comparatively less; the nature of its use, and the peril, though the latter in less degree, remained the same; the danger of being shot is great, if a volley be aimed and fired at a man; there is still danger, if but one gun be aimed and fired at him; and in each case, he has reason to apprehend danger, though less from the one gun than from the many. Standing between these rails, the deceased was in the way of any car that only happened, by accident or negligence, to run on that track. He doubtless assumed, no car would run upon the track at that time, just as he might have stepped further and stood on the next one, or main track, on the assumption that the train would not reach him until schedule time. He knew the tracks were there for cars to run on, and not for use as waiting rooms, for arrival and departure of trains; and however mistaken his expectation of immediate danger, he knew it was a place of peril.

Nor, while standing there, was he in the line of his duty as mail carrier; he took his position in a place of peril, and occu-

pied it for about ten minutes before the time for the arrival of the Altoona Accommodation, on which he was to put the mail bag; his occupation of the tracks, in the line of his duty, extended only to crossing them with his mail bag, delivering it, and returning to the outside of the roadbed. If the injury had happened in these few seconds, it could properly be said he was then on the tracks in the performance of his duty, and defendant would have been answerable for the negligence which caused the injury. But when injured he was voluntarily between the rails, waiting for the train; the waiting room and platform were places of safety; where he waited was not. Obviously, neither necessity nor duty required him to be there. From all the admitted facts, our conclusions are directly the opposite of those arrived at by the learned judge of the court below. We think contributory negligence on part of deceased is a necessary conclusion from the undisputed facts, and that a jury should be permitted to draw no other.

The only evidence, in view of the conduct of the deceased, that would have made defendant answerable in damages, would have been wanton injury; there was no testimony pointing to such a fact.

The defendant's second point should have been affirmed; the judgment is reversed.

STERRETT, C. J., dissents on the ground that the question of contributory negligence was for the jury.