Opinion by
Morrison, J.,
The plaintiff, Robert H. Bauchspies, and his wife, Theresa, resided on a lot in the borough of Leighton, Carbon county, adjoining the lot where the defendant, John A. Obert, resided. These lots were divided by an old board fence and in the summer of 1908 the parties decided to erect a wooden paling fence upon the-division line and one, Wagner, was employed to erect the new fence. It was located under the direction of the defendant in the absence of Bauchspies. The latter subsequently examined the location and Wagner was permitted to erect the fence and it was allowed to remain about two weeks when *444 Bauchspies, with the assistance of a number of his friends, in the nighttime, raised the posts out of the ground and threw the fence over upon the defendant’s lot. Subsequently Bauchspies erected a fence upon what he claimed was the dividing line. The next day the defendant took up this fence and threw it over upon the lot of Bauchspies. ' The latter again replaced the fence upon the line, as he claimed, securing the posts by strips attached to them under the ground and with wire above. On the morning of August 5, 1908, the defendant, with a number of workmen, again took up the fence and placed it over upon Bauchspies’ lot. When the defendant began to raise the fence for the purpose of placing it over upon Bauchspies’ lot, Theresa Bauchspies came out of her house and tried to prevent defendant and his men from taking up the fence.
Plaintiffs, in their declaration, aver that the defendant was there, “with his agents, employees and servants and willfully cut the wire fastenings of said division fence, and pulled the posts out of the ground, and willfully and maliciously threw the fence bodily, together with the posts, over, into and upon the lot or piece of ground occupied by the plaintiffs, .... and upon Theresa Bauchspies, the wife of said Robert H. Bauchspies, thereby causing and inflicting upon the said Theresa Bauchspies, severe concussions and bruises, and sprains, and causing her great and excruciating physical and mental pain and suffering, and doing great and permanent damage and injury to the person of said Theresa Bauchspies, and to her nervous system, injuring the said Theresa Bauchspies internally and in and about her back and spine and right leg, and in her hip, by reason of which she suffered and will continue to suffer for a long time great pain and agony.”
The evidence shows that whatever was done there was under the immediate direction of the defendant and we have reached the conclusion that there is sufficient evidence in the record to carry the case to the jury and to warrant them in finding that the fence was willfully thrown *445 upon the plaintiff, Theresa Bauchspies, and that she was bruised and injured to some extent, and, of course, the nature of her injuries was for the jury to find.
We cannot agree with the contention of the defendant’s learned counsel that this was an action of negligence and that the plaintiffs could not recover because of the contributory negligence of Theresa Bauchspies. We think the declaration quite plainly charges an assault and battery upon her by the defendant directing and causing his servants and employees to throw the fence upon her while she was upon the premises of her husband. The learned counsel for the appellant have cited a number of cases upon the question of contributory negligence. Among which is Fox v. Borkey and Wife, 126 Pa. 164, but a casual examination of that case will show that it is not in point. It was clearly not an action based upon willful injury to the person of the wife of Borkey. The Supreme Court in that case held that the plaintiffs were not entitled to recover at all and reversed the judgment without a venire. But the point we make is that it is not the same character of a case as is charged in the present plaintiff’s declaration. The learned counsel cite numerous other cases bearing upon the question of contributory negligence, but they have no application in an action of trespass for damages caused by a willful assault and battery. '
The plaintiffs in the present case were permitted to have judgments amounting in the aggregate to over $2,200, and it may be that this sum is quite large for the injuries sustained by Mrs. Bauchspies. But the evidence was in dispute and the questions in the first instance were for the jury, as was the amount of the verdicts, if any, which the plaintiffs were entitled to recover. After the verdicts were rendered there was a motion for a new trial and the learned court who had seen and heard the witnesses refused it and we must conclude that he. considered the verdicts not excessive.
We will now refer briefly to the assignments of error, remarking in the first instance that there is no assignment *446 raising the question of the refusal of a new trial. The first assignment is: “The court erred in submitting to the jury the question of contributory negligence on the part of plaintiff, Theresa Bauchspies.” This assignment is flatly in violation of the rule. It does not quote anything'that the court said on the subject referred to, nor does it refer us to where the language complained of may be found. We therefore decline to consider this assignment. The second assignment cannot be sustained because the questions as to whether Theresa Bauchspies had bruises upon her body and pains in the back, side and leg were in dispute and were for the jury, and the learned trial judge could not have unqualifiedly affirmed this point and therefore he was justified in refusing it. The third assignment complains of the trial judge for not affirming plaintiff’s third point, but that point could not have been affirmed for the same reasons we have given as to the second assignment. The fourth assignment complained of the court for refusing to give a binding instruction in favor of the defendant. This assignment is also without merit because the evidence was in dispute and as we have already said there was sufficient evidence to carry the case to the jury and to warrant them in finding that the fence was thrown upon Theresa Bauchspies in the presence of and by direction of the defendant. The fifth and last assignment complains of the court for refusing to enter judgment for defendant non obstante veredicto and in directing judgment to be entered on the verdict. The views we have already expressed on the evidence vindicate the court in refusing to enter judgment in favor of the defendant non obstante veredicto. The assignments of error are without merit.
We have carefully read the very lengthy charge of the court and consider it a fair and impartial presentation of the case to the jury. The argument of the case before this court was heard by a full bench and we all reached the conclusion that the judgment should be affirmed.
Judgment affirmed.