## Kiss v. Nimet.

*Practice, C. P.—Slander—Form of action—Bail—Amendments.*

In an action of slander, a *capias ad respondendum* in *assumpsit* was issued, bail in $1000 being demanded, without a special *allocatur*, contrary to rule of court. Defendant thereupon took out two rules upon plaintiff, one to show cause of action and why defendant should not be discharged on common bail, and the other to show cause why the *capias* should not be quashed. The reasons alleged were that the affidavit to hold to bail was defective, in that it was not positive, but made on information and belief; that it did not set forth with precision either the place where the alleged words were spoken or the language in which they were spoken; that the *capias* was defective because it was in *assumpsit*; and that both writ and affidavit were generally defective: *Held*, (1) that, while the action should have been in trespass, the error was amendable; and (2) that as defendant had, by agreement, entered bail in the sum of $500, he had waived the right to be discharged on common bail.

Motions to quash writ of *capias ad respondendum* and discharge prisoner on common bail. C. P. Lehigh Co., Oct. T., 1924, No. 16.

*Samuel J. Kistler*, for plaintiff.

*William H. Schneller*, for defendant and rules.

Iobst, J., Oct. 6, 1924.—This suit is an action of slander. The plaintiff, by her attorney, directed the prothonotary to issue a *capias ad respondendum assumpsit*, bail being demanded in the sum of $1000. The defendant thereupon took out two rules upon the plaintiff; the one to show cause of action and why the defendant should not be discharged on common bail, and the other to show cause why the *capias* issued in this case should not be quashed. These rules are now up for consideration. The motion to quash sets forth twelve reasons. A number of reasons alleged are purely matters of defence upon trial and need not be considered here. It will, therefore, only be necessary to consider the seventh, tenth, eleventh and twelfth reasons. The seventh reason alleges that the affidavit to hold to bail is defective, in that it is not positive and is made on information and belief; the tenth reason alleges that the affidavit is defective because it does not set forth with precision the place where the alleged words were spoken, nor does it set forth the language in which the words were spoken; the eleventh reason sets forth that the *capias ad respondendum* writ is defective because it is issued as a *capias ad respondendum assumpsit;* and twelfth reason that the writ and affidavit to hold to bail are generally defective.

This being an action sounding in tort, it is very evident that the plaintiff erroneously directed the issuance of a writ of *capias ad respondendum assumpsit* instead of in trespass. Counsel for plaintiff, at the argument,

admitted the error. It is needless for us to go into the history of the writ, but reference may be had to the opinion of Judge Arnold in the case of Carroll v. Simons, 27 Pa. C. C. Reps. 29, where appears a very able and exhaustive review.

In an action for slander, the writ of *capias ad respondendum* must issue in trespass. This error, however, is amendable. If an amendment is allowed, it will merely change the form of action without a change of cause of action. In Wilhelm's Appeal, 79 Pa. 120, 134, Mr. Justice Sharswood, in the opinion of the Supreme Court, states the following: "The power of amendment at law has been enlarged so as to comprehend not only the names of the parties, but the introduction of new parties on the record; and not only the grounds of the action, but the form of it, so that it can be changed from the form of *ex contractu* to a form of *ex delicto:* Smith v. Bellows, 77 Pa. 411. But, nevertheless, the limit of power of amendment always has been, and still is, that no new cause of action can be introduced and engrafted upon the original declaration." See, also, Tyrrill v. Lamb, 96 Pa. 464.

The remaining reasons set forth that the affidavit is defective, in that it is not positive and is made on information and belief; that it does not set forth with precision the place where the alleged words were spoken, nor the language in which the words were spoken.

The *capias* is rather a severe writ, depriving a man of his liberty unless he enter into bail. The affidavit should, therefore, be drawn with the utmost diligence. In substance, it should set forth in exact detail the matters complained of, giving the name of the defendant in the body of the affidavit, the place where the alleged tort was committed, and, in slander, the exact words spoken and the language in which the words were spoken, and the affidavit must be positive and not on information and belief. But these are matters that the plaintiff may correct on the filing of her amended declaration. See Rahauser v. Barth, 3 Watts, 28. The defects appearing in the affidavit would, perhaps, compel us to discharge the defendant from special bail, but, at the argument, counsel for both parties stated that by a mutual agreement the defendant entered bail in the sum of $500. The defendant, being at liberty on bail agreed upon, is hardly in a position to now ask the court to discharge him on common bail. "A prisoner who enters bail for appearance in court thereby waives any illegality and irregularity in his arrest, though such action on his part is not a waiver of his right to have the writ abated. But the entry of special bail is a waiver of defects in the form of the *capias:*" 1 Troubat & Haly's Practice (6th ed.), 321, and cases there cited.

Attention may be called to our Court Rules XI, section 1, on page 37: "No bail shall be required in actions of trespass *vi et armis*, trover and conversion, or in actions for slander, malicious prosecution, conspiracy or false imprisonment, unless an affidavit stating fully the cause of action be made and filed before the issuing of the writ, and not then in a sum exceeding $500, without a special *allocatur* from the court or a judge thereof in vacation."

The plaintiff may amend her pleadings as above indicated. The motion to quash the writ is overruled and the rule to discharge the defendant on common bail is discharged.

Now, Oct. 6, 1924, upon due consideration, it is ordered, adjudged and decreed that the motions to quash the writ of *capias ad respondendum* and to discharge the defendant on common bail are both overruled, the rule to show cause discharged and the plaintiff permitted to amend her pleadings in accordance with this opinion, whereupon the defendant may enter his proper plea. From Calvin E. Arner, Allentown, Pa.