Tomey, Appellant, *v.* West Penn Railways Co.

Argued March 26, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Luther Day,* with him *Robert H. Dawson* and *Henry A. Jones,* for appellant.—The law governing street railways and not steam railroads applies: Flanagan v. R. R., 181 Pa. 237; Miller v. R. R., 290 Pa. 130; Sligo v. Transit Co., 224 Pa. 135; Low v. Rys., 290 Pa. 365.

There was a tacit invitation for plaintiff to board the car at the trestle: Sligo v. Transit Co., 224 Pa. 135, 144.

The question of plaintiff's care in approaching defendant's car was for the jury, if his approaching the car had been the proximate cause of the injury.

Plaintiff was not guilty of contributory negligence: Sharrer v. Paxson, 171 Pa. 26; Thorne v. Transit Co., 237 Pa. 29.

Defendant's negligence was for the jury: Austrain v. Traction Co., 19 Pa. Superior Ct. 329; Walters v. Traction Co., 161 Pa. 36; Kurtz v. Traction Co., 86 Pa. Superior Ct. 234.

*William A. Challener,* with him *William A. Challener, Jr.,* for appellee.—Defendant was not guilty of negligence: Drake v. R. R., 137 Pa. 352; P. R. R. v. Zebe, 37 Pa. 420; Klingensmith v. Rys., 279 Pa. 336; Martin v. Traction Co., 282 Pa. 358.

Plaintiff was guilty of contributory negligence: Thane v. Traction Co., 8 Pa. Superior Ct. 446; Thane v. Traction Co., 191 Pa. 249; Harding v. Traction Co., 217 Pa. 69; Gardner v. Rys., 263 Pa. 284; Bally v. Rys., 272 Pa. 178; Hughes v. Murdoch S. & T. Co., 269 Pa. 222.

OPINION BY MR. JUSTICE KEPHART, April 14, 1930:

Appellant intended to take passage on appellee's interurban street car at one of its country stops; the place for him to board was on level ground indicated by a white band painted on a pole. As the car approached, with headlight burning and interior lighted, appellant signalled it to stop, but the car passed the regular stopping place some one hundred feet, or about two car-lengths. He waited for two or three minutes to see whether it would come back. When it showed no signs of returning, he walked toward it from the pole between the rails, though outside the ties there was a level space seven feet wide at the pole; because the tracks crossed on a trestle spanning a deep ravine, this space gradually diminished in width as the trestle was neared. Half way it was three feet wide, and at the trestle one foot. The front of the car was on the trestle, while the rear was on the roadbed.

When appellant reached the car, he found that the entrance door was so far out on the trestle that he could not get in. Seeing no one about, he called "I can't get in the car." Without any warning the car backed, injuring appellant. In the action to recover damages, judgment was entered for defendant in the court below.

Appellant earnestly contends that appellee, in holding its car stationary for several minutes, impliedly invited him to come on board where it stopped, and in using the right-of-way to reach the car he was using what might be termed, temporarily at least, station ground. It is urged that after he reached the car, appellee was under a duty to exercise all reasonable care, diligence and prudence to ascertain the conditions existing at the point where the car stopped; it was required to guard the safety of passengers boarding at such place, and, if it moved back, it had to give warning and observe if passengers were in the path to the rear; its failure to do this was negligence.

We may assume, without deciding the point, that these circumstances would amount to negligence. This does not help plaintiff's case, as it is not free from contributory negligence. When appellant found he could not get in the car because the side door hung over the trestle, he knew there was only one way to get in and that was when the car backed off the trestle. Knowing this, he called to the crew of the car, and this in substance was a request to them to back. The motorman knew the car's position and it was incumbent on him to move backwards. Of course he could not deliberately run appellant down, but he had a right to rely on appellant's taking natural precautions for his safety. Notwithstanding this call to the motorman, appellant deliberately stood on the tracks when he knew the result of his call would be to bring the car back. Had he taken the most ordinary precaution for his safety, he could have stepped to the side and prevented the injury. Where one takes a position of manifest and imminent

danger, he assumes the risk of his position whether he could have gotten to a safer place or not; where one assumes such a position and there is a safe place on which to retire, his contributory negligence becomes even more apparent. In either case, short of wantonness, he cannot hold anyone responsible for injuries sustained through his own carelessness.

Judgment affirmed at cost of appellant.