Kasanovich, Admrx., Appellant, *v.* George et al., Trustees.

Argued September 29, 1943. Before MAXEY, C. J., LINN, STERN, PATTERSON and STEARNE, JJ.

*John E. Evans, Jr.,* of *Evans, Evans & Spinelli,* with him *Arthur L. McLaughlin, Jr.,* for appellants.

*D. H. McConnell,* with him *J. R. McNary,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 22, 1943:

Plaintiff's decedent was employed as a laborer by the McCrady Construction Company, which was engaged in the reconstruction of West Carson Street in the City of Pittsburgh. At the time of the accident which gave rise to this litigation men were working at different points along the north side of the street putting in a curb and sidewalk, and the street was closed by a barricade to westbound automobile traffic. The afternoon of the accident was clear and bright. Decedent, who had been working at some distance east of the barricade, was sent by

his foreman on an errand to the toolhouse of the company which was situated west of the barricade and on the south side of the street. While he was walking alongside the outer rail of the westbound track, at a distance from it of about 18 inches, he was struck from the rear by the right front corner of a street car which was behind its scheduled time, and, according to testimony offered by plaintiff, had picked up speed from a point some 300 feet east of the barricade and was running, slightly downgrade, at a rate of from 30 to 35 miles an hour. Decedent died within a few minutes. There was evidence that no gong was sounded, and, as the car was of the new type and the rails of the westbound track were newly laid and embedded in concrete, its approach was virtually noiseless. The motorman's view was unobstructed; he admitted that he had had decedent under continuous observation for a distance of 200 feet, and one of the witnesses testified to seeing decedent walking for at least 75 feet alongside the rail before he was struck. A passenger said that he did not hear the brakes go on until after decedent had been hit by the car.

The learned trial judge gave binding instructions for defendant because of decedent's contributory negligence; the court in banc refused a new trial.

The rule that a person working on the highway is held to a less rigorous standard of care than a pedestrian is not applicable unless he is actually engaged upon his labors and so absorbed therein that he is not free to take precautions for his own safety: *Sweatman v. Pennsylvania R. R. Co.*, 264 Pa. 286, 289, 107 A. 697, 698; *Copertino v. Chrobak*, 346 Pa. 49, 29 A. 2d 504. For decedent to have walked alongside the streetcar track and in close proximity to it, with his back to approaching cars, and without making the necessary observations to protect himself, was so clearly negligence on his part which contributed to the happening of the accident that the court was justified in declaring it to be such as a matter of law.

The real question in the case is whether plaintiff can nevertheless recover in this action. At the outset it may

be well to reiterate what was said in *Weir v. Haverford Electric Light Co.*, 221 Pa. 611, 617, 70 A. 874, 876: "The doctrine of comparative negligence has not been recognized in our state. Any negligence on the part of a plaintiff that contributes to, and is the proximate cause of, his injury defeats his action. There can be no balancing or matching of degrees of negligence." Nor has Pennsylvania adopted the doctrine of the "last clear chance" that, notwithstanding negligence on the part of the injured person, the tortfeasor will be held liable if, by the exercise of reasonable care, he could have discovered the peril to which the other had exposed himself, and then, by due care, could have avoided the accident. What plaintiff contends, however, is that, even though decedent was negligent, recovery is permissible if defendant *intentionally* inflicted the injury, or if he was guilty of what is usually denominated *"wanton negligence"*, (although a better term would be *"wanton misconduct"*), which is characterized by a realization of the probability of injury to another (or at least where the circumstances would cause such a realization to a reasonable man) and a reckless disregard nevertheless of the consequences.

To the commission of a wilful tort, as, for example, assault and battery, contributory negligence is clearly not a defense: *McKnight v. Ratcliff*, 44 Pa. 156, 167, 168; *Bauchspies v. Obert*, 51 Pa. Superior Ct. 441, 445; Restatement, Torts, section 481. In the present case there is no claim, nor the slightest ground for belief, that the motorman intentionally ran into the decedent. But the testimony offered by plaintiff would, if believed, have justified the jury in finding that the motorman was guilty of a wanton disregard for decedent's safety. We are not dealing with a situation in which he merely failed to see decedent when by due care he might have seen him, but where he actually did see him at a considerable distance, and, according to plaintiff's testimony, although he must have observed decedent walking in the pathway of the car and with his back to it for a distance of at least 75

feet, operated his car at a high rate of speed, gave no warning of his aproach by sounding the gong or otherwise, and did not even apply the brakes until after he had struck decedent.

Apparently all of the jurisdictions in which the question has arisen have held that contributory negligence is not a defense to an action for injury caused by reckless or wanton misconduct on the part of the defendant.* Restatement, Torts, section 482 (1) is to the same effect. It must be understood, of course, that wanton misconduct is something different from negligence however gross,—different not merely in degree but in kind, and evincing a different state of mind on the part of the tortfeasor. Negligence consists of inattention or inadvertence, whereas wantonness exists where the danger to the plaintiff, though realized, is so recklessly disregarded that, even though there be no actual intent, there is at least a willingness to inflict injury, a conscious indifference to the perpetration of the wrong. Having in mind this characterization of wanton misconduct, it will be readily seen that the principle that contributory negligence is not a defense to an action for a tort involving such misconduct is not in conflict with the rejection in Pennsylvania of the doctrines of "comparative negligence" and "last clear chance" hereinbefore referred to.

Strangely enough,—as far as careful research has disclosed—there has thus far been no appellate court case in Pennsylvania which deals with the question whether contributory negligence is a bar to a plaintiff's recovery for injury wantonly inflicted. There are, however, dicta which indicate adherence to the view prevailing in other jurisdictions: *Wynn v. Allard,* 5 W. & S. 524, 525; *Railroad v. Norton,* 24 Pa. 465, 469; *North Pennsylvania R.R. Co. v. Rehman,* 49 Pa. 101, 109; *Dell v. Phillips Glass Co.,* 169 Pa. 549, 555, 32 A. 601, 603;

---

* 38 Am. Jur. 854, §178, and cases cited in note 8; 45 C. J. 981, §533 d (1), and cases cited in note 50.

*Tomey v. West Penn Rwys. Co.,* 300 Pa. 189, 192, 150 A. 612, 613.

Instead of giving binding instructions for defendant, the learned trial judge should have instructed the jury that, even if the motorman was grossly negligent, plaintiff, because of decedent's contributory negligence, cannot recover, but that such contributory negligence would not be a bar if the motorman was guilty of wanton misconduct, that is, if he exhibited a reckless disregard for decedent's safety after observing his perilous position and realizing the danger involved in proceeding at a high rate of speed and without giving warning of his approach.

Judgment reversed and a new trial granted.