## Arlia v. Philadelphia Transportation Company (No. 1)

*J. T. Maioriello*, for plaintiff.

*B. J. O'Connell, H. M. Tobin* and *I. J. Stern*, for defendant.

SMITH, P. J., September 27, 1950.—This matter comes before the court on a petition filed by plaintiff asking leave to file an amendment to the original statement of claim, averring that defendant was guilty of reckless disregard of plaintiff's safety. The original pleading averred ordinary negligence. The statute of limitations has run.

While amendments are liberally allowed, the law seems to be that in matters where the statute of limitations has run no new cause of action may be averred. In 3 Standard Pa. Practice 613, sec. 20, it is said:

"One test to be applied to the question whether an amended statement presents a new and different cause of action is whether a judgment would bar any further action on either, whether the same measure of damages supports both, whether the same defense is open

to each, and whether the same measure of proof is required."

While plaintiff, in his proposed amendment, does not ask for punitive damages, it is evident that if the evidence presented should show that reckless and wanton negligence is proven, the trial judge would have to charge the jury on the questions of ordinary negligence and reckless negligence and the damages resulting from each distinct kind of negligence. It is manifest that the measure of damages would be different in each case.

In the case of Herz et al. v. Pennsylvania R. R., 302 Pa. 324, the original statement of claim alleged willful or wanton negligence. The amendment alleged ordinary negligence. Mr. Justice Stern said:

"It seems to the Court that the effect of the amendment, . . . would be to introduce a new cause of action. The measure of liability on the part of the defendant company is entirely different in the one case from that which it is in the other."

In the above case the effort of plaintiff was to reduce his degree of proof but the measure of liability would materially differ as it would in the case at bar.

In 3 Standard Pa. Practice 614, sec. 20, it is stated:

"A change in the cause of action which will preclude an amendment after the bar of the Statute of Limitations may consist either of departure from fact to fact or from law to law. In other words, the departure in the pleading may be either in the substance of the facts on which the action is founded, or in the law on which it is founded."

In Allen v. Tuscarora Valley R. R. Co., 229 Pa. 97, 101, Mr. Justice Mestrezat said:

"The amendment is not a restatement or the statement in a different form, of the same cause of action, but the averment of a statutory cause of action in which the liability is different and greater than in an

action at common law. It deprives the defendant of a valuable right, viz., the defense of the assumption of risk by the plaintiff, which is not permissible: Kaul v. Lawrence, 73 Pa. 410. We think it clear that the amendment to the statement of claim introduced a new and different cause of action, which was barred by the statute of limitations, and, therefore, under the well-settled rule in this state, it should not have been allowed."

3 Standard Pa. Practice 639, sec. 36, also states:

"[A plaintiff] cannot, . . . shift or enlarge the ground of his cause of action . . . substantially different from that originally specified."

In addition 3 Standard Pa. Practice 609, sec. 18, says:

"The test of the propriety of an amendment of a statement of claim is whether or not it will deprive the defendant of any substantial or valuable right."

In Kille v. Ege, 82 Pa. 102, 110, Mr. Justice Mercur said:

"While due effect should be given to the statutes authorizing amendments, yet care must be taken that they be not so used as to pervert their true spirit. . . . Amendments depriving the opposite party of any valuable right shall not be allowed."

See also Tyrrill v. Lamb, 96 Pa. 464. In Severance v. Heyl and Patterson, 115 Pa. Superior Ct. 36, 41, Parker, J., said:

" 'Amendments should be liberally allowed; and the test of their propriety is whether they introduce a new cause of action': Knapp v. Hartung, 73 Pa. 290, 294; Joynes v. P. R. R. Co., 234 Pa. 321, 83 A. 318. 'The allowance of amendments rests in the reasonable discretion of the Court, and, in the absence of plain error, its action will not be reversed': Piesneski v. Stepien, 300 Pa. 161, 163, 150 A. 296 . . . '. . . It should not be allowed so as to deprive the opposite party of any val-

uable right': Tyrrill v. Lamb, 96 Pa. 464, 467. Consequently an amendment which changes the cause of action will not be allowed after the Statute of Limitations has run."

It seems patent to us that if the amendment is allowed stating the cause of action to be willful negligence, defendant may be faced with the loss of a valuable right. Where a defendant is guilty of willful, or gross negligence defendant may well be deprived of his right to show that plaintiff himself was guilty of contributory negligence.

In A. L. I. Restatement of the Law of Torts, §482, Reckless Conduct, it is said:

1. "Except as stated in subsection (2), a plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for plaintiff's safety."

2. "A plaintiff is barred from recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety if, knowing of the defendant's reckless misconduct and the danger involved to him therein, the plaintiff recklessly exposes himself thereto."

Thus he is only restricted where he is also guilty of reckless misconduct. He is not barred from recovery by his failure to exercise reasonable diligence, or to take reasonable care. Thus the right of a defendant would be impaired to this degree, if it could not present any evidence to prove the contributory negligence of a plaintiff.

While there seems to be no case in this jurisdiction which squarely affirms the rule set forth in section 482, supra, there are a number of cases which announce in more or less vague dicta that plaintiff's contributory negligence does not bar recovery for harm caused by defendant's wanton or reckless acts: Wynn v. Allard (1843), 5 W. & S. 524; Thomas v. Citizens Pass. Ry. Co. (1890), 132 Pa. 504, 19 Atl. 286; Dell v. Phillips

Glass Company (1895), 169 Pa. 549, 32 Atl. 601; Tomey v. West Penn Railways Co. (1930), 300 Pa. 189, 150 Atl. 612; Hart et al. v. Altoona & Logan Valley Electric Railway Co. (1922), 79 Pa. Superior Ct. 180.

Because we believe that this amendment would create a new cause of action and also deprive defendant of such substantial rights as to do an injustice to him, the court makes the following

*Order*

And now, to wit, September 27, 1950, the petition of plaintiff to amend his statement of claim is refused.