Feinstein, Appellant, *v.* Philadelphia R. T. Co.

Argued October 8, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE, and WHITMORE, JJ.

*Isadore Katz,* and with him *Abraham J. Levy,* for appellant.

*Raymond V. John,* for appellee.

OPINION BY WHITMORE, J., November 20, 1930:

This is an action in trespass brought by the plaintiff, appellant, to recover damages on account of personal injuries received when operating an automobile which came in contact with a trolley car of the defendant. It appears from the plaintiff's testimony that about 8 o'clock in the morning of January 20, 1925 he parked his automobile on the east side of Fifteenth Street in the City of Philadelphia and left the same for a short time while attending to business. When he returned he observed the trolley car of the defendant approaching toward him from the north, about a block and a half away; he started his motor but the car would not move forward, snow on the street causing the rear wheels to spin around; this brought his automobile close to the track and he again looked and saw the trolley car far away, giving the distance as about a square and a half; that he was about to get off his car to see what was wrong, when it was struck by the trolley car. That is the extent of the plaintiff's testimony, except one other witness who testified to substantially the same facts.

There is not a word of testimony to indicate how fast the trolley car was traveling, that any signal was given by the plaintiff to the motorman, nor how far

the trolley car was away when the automobile reached the point where it would come in contact with the trolley car; neither is there any evidence to show that the motorman was guilty of any act of negligence. There is no testimony to show that the automobile was on the tracks at the time it was struck. According to the testimony the plaintiff placed his automobile in the path of the trolley car and was, therefore, guilty of negligence as a matter of law. See Brown v. Beaver Valley Traction Company, 94 Pa. Superior Ct. 7.

The burden of proof was on the plaintiff to show negligence on the part of the defendant or its employees. There was no evidence that established the relative positions of the trolley car and the automobile at the time the automobile entered the path of the trolley car. The evidence clearly shows that the accident was caused solely through the act of the plaintiff in attempting to move his car on a slippery street when the rear wheels were spinning around and that he took no precaution to determine how close he was approaching the trolley tracks or how near the trolley car, which he had previously seen a block and a half away, was approaching.

Under such circumstances and in the absence of any evidence of negligence on the part of the defendant, the judgment n. o. v. was properly entered by the court below. The judgment is affirmed.