Metz, Appellant, *v.* Pittsburgh Railways Company.

Argued May 3, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Warren H. Van Kirk,* with him *Don F. D'Ivernois,* for appellant.

James R. Orr, with him J. R. McNary, for appellee.

OPINION BY HIRT, J., July 13, 1939:

The propriety of the entry of judgment for the defendant non obstante veredicto is the subject of this appeal.

Giving plaintiff the benefit of all favorable inferences from the testimony, the following facts appear: Plaintiff, a truck driver, on January 20, 1937, drove his truck northeasterly on West Liberty Avenue, Pittsburgh, loaded with coal, intending to stop at the office of a dealer for instructions as to delivery of the coal. In the neighborhood of the dealer's office he looked for a place to park his truck. Parking was not permitted on either Dormont Avenue or Alabama Avenue, nearby side streets, and there was a continuous line of vehicles parked parallel with the curb on West Liberty Avenue in that neighborhood. The only opening along the curb was a space almost opposite the coal dealer's office, about six or seven feet wide; plaintiff drove his truck into this opening and parked it at an angle of about forty degrees with the curb. The truck was six feet wide and from seventeen to eighteen feet long. West Liberty Avenue is a much traveled thoroughfare and in the roadway there are double tracks of the defendant railway. The distance from the curb to the nearest rail is about twelve feet. The right front wheel of the truck was at the curb and the body of the truck, as parked, extended at an angle across the inbound lane of vehicular traffic, with the rear of the truck near the street car track. Plaintiff knew that a street car could not pass the truck in that position without striking it. He also was familiar with the neighborhood and knew that a street car might come along at any time. With his truck standing in that position he walked across the road to the dealer's office, received his instructions, and without looking for an approaching street car returned to the truck, climbed into the

cab, but before he started his engine an approaching street car of the defendant struck the rear of the truck, throwing plaintiff forward against the steering wheel, causing the injuries for which he seeks damages in this case. There is not unanimity in the testimony as to the exact position of the rear of the truck in relation to the street car tracks. Plaintiff testified that the left rear corner of the parked truck was within two or three inches of the nearest rail, and that the truck obviously blocked the passage of a street car. Defendant's witnesses, on the contrary, testified that the overhang of the body of the street car was about sixteen inches from the outer edge of the rail, and the photograph of the street car involved shows damage not to the front of the car, but along the middle of its side. From these physical facts the jury may have concluded that plaintiff's truck was not within two or three inches of the track. The exact location of the truck is not of controlling importance for on any view of the testimony the truck obstructed the clear passage of a street car and plaintiff knew that fact.

The court en banc found the plaintiff guilty of contributory negligence as a matter of law, set aside the verdict in plaintiff's favor and entered judgment for the defendant non obstante veredicto. Defendant's negligence must be conceded.

In parking his truck plaintiff violated the mandate of the Act of May 1, 1929, P. L. 905, section 1020 as amended by the Act of June 22, 1931, P. L. 751, sec. 2, 75 PS 612, which prohibits the parking of a vehicle or permitting it "to stand—upon a highway—where such stopped or parked vehicle would prevent the free movement of a street car." But the fact that plaintiff violated this statute, of itself, does not convict him of such negligence as will prevent recovery. Something more than a failure to observe the mandate of a statute or to perform a statutory duty, as an attending circumstance, must appear. The violation must have a definite causal

relation to the injury: *Williams v. D'Amico,* 78 Pa. Superior Ct. 575. "A plaintiff who has violated a legislative enactment designed to prevent a certain type of dangerous situation is barred from recovery for a harm caused by a violation of the statute if, but only if, the harm was sustained by reason of a situation of that type." Restatement, Torts, 469. "The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm." Ibid. 431. The two classes of cases are distinguished and the governing principles are discussed by President Judge KELLER in an exhaustive opinion in *Purol, Inc. v. Great East. System, Inc.,* 130 Pa. Superior Ct. 341, 197 A. 543. It is there held: "There is no hard and fast rule as to the effect of the violation of a statute on the plaintiff's right to recover. The general rule is that the violation of a statute will not convict a plaintiff of contributory negligence unless it was the effective cause of the accident or, at least, contributed to its happening; ...... The mere fact that the plaintiff on the one hand, or the defendant on the other, was engaged in violating the law in a given particular at the time of the happening of the accident, will not bar the right of action of the former, nor make the latter liable to pay damages, unless such violation of law was an efficient cause of the injury." Citing *Lane v. Mullen,* 285 Pa. 161, 131 A. 718.

Applying these principles to the facts in this case, it is apparent that plaintiff is barred from recovery. His act in allowing his truck to stand where it "would prevent the free movement of a street car" concurred with the negligent operation of defendant's street car, and, together, these independent acts of negligence were the proximate cause of the injury. Without the negligence of either there would have been no injury. Plaintiff's violation of the statute therefore was an 'effective' and 'efficient' cause and 'a substantial factor in bringing about the harm' barring his right of recovery.

Judgment affirmed.