## Dodson *v.* Philadelphia Transportation Company, Appellant.

Argued November 22, 1950. Before DREW, C. J., STEARNE, JONES, LADNER and CHIDSEY, JJ.

*James L. Stern,* with him *Jay B. Leopold,* for appellant.

*David Kanner,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, January 2, 1951:

The plaintiff, Elmer Edward Dodson, instituted an action in trespass against Philadelphia Transportation Company to recover damages for personal injuries sustained as the result of a collision between the automobile driven by plaintiff and a street car of the defendant company. The latter has appealed from the refusal of its motions for judgment *non obstante veredicto* and for a new trial. The jury found a verdict for plaintiff in the sum of $20,000, reduced after remittitur filed to $11,500.

The accident occurred on Saturday, September 11, 1948, about 6 p.m. It was daylight and a clear day. Plaintiff was driving a 1937 four-door sedan, owned by Trueman S. Morton who was sitting beside him in the front seat, southwardly in the southbound street car tracks on Frankford Avenue between Benson and Blakiston Streets in the City of Philadelphia. Frankford Avenue runs north and south and is 46 feet from

curb to curb with two sets of street car tracks in the middle. Plaintiff was following a line of cars also proceeding on the southbound tracks due to the fact that a number of cars were parked on the west side of the avenue because of some activity at a church on the west side thereof midway between the two intersecting streets. These parked cars made it necessary for automobiles moving southwardly to drive partly at least on the southbound trolley rails. Benson Street is north of Blakiston Street and the distance between the curb lines of the two streets is about 362 feet.

Viewing the evidence in the light most advantageous to the plaintiff, giving him the benefit of every inference reasonably to be deduced therefrom and resolving all conflicts in his favor as we are obliged to do in view of the jury's verdict, the plaintiff was proceeding at a speed of about 15 miles per hour and from 8 to 10 feet back of the car immediately preceding him when, at a point about opposite the church, the car in front came to a "sudden dead stop". Plaintiff avoided hitting this car by jamming on his brakes, causing the front of his car to swerve into the four-foot dummy space between the two sets of tracks but short of the northbound rails. While trying to start his motor which had stalled, the automobile in front of him moved on and he saw a street car crossing Blakiston Street 200 feet or more away, coming northward on the northbound car track. Before he could get his motor started, the street car came on without stopping and sideswiped his automobile. Only 15 seconds elapsed between the time the plaintiff's motor stalled and the time of the collision. Plaintiff suffered severe injuries to his left arm which was broken in three places.

Defendant's version of the accident was that plaintiff in attempting to pass the automobile in front of him, drove his car into the path of the street car with-

out opportunity on the part of the motorman to avoid the accident. This account was rejected by the jury. However, in support of its motion for judgment *non obstante veredicto* appellant contends (1) that the plaintiff was guilty of contributory negligence as a matter of law in that he drove his car so close to the automobile preceding him that the latter's stop made it necessary for plaintiff to turn into a zone of danger, and (2) that plaintiff should not be allowed to recover because his version of the accident is contrary to the incontrovertible physical facts.

Appellant's argument that plaintiff was driving his car at a speed that did not permit him to stop his vehicle within the assured clear distance ahead, ignores the fact that plaintiff *did* stop his car in time to avoid colliding with the car in front of him, and that he did not turn or direct his car to the left. There was evidence by the owner of the car to the effect that it was characteristic of its model and make to turn as it did when suddenly stopped. There was no evidence that plaintiff knew this. It is common knowledge that uneven action by the brakes when applied hard will cause the same result and that such may occur without warning. There was no evidence that plaintiff had driven the car except on a short trip from Bristol to Philadelphia on the afternoon of the accident. The question of plaintiff's contributory negligence in this regard was properly submitted to the jury.

Since plaintiff did not voluntarily drive or leave his automobile in a position whereby it might be hit by an oncoming street car, cases cited by appellant are not in point. In *Stubbs v. Edwards*, 260 Pa. 75, 103 A. 511, the operator of a motorcycle was following an automobile so closely that he was compelled to turn at right angles to avoid colliding with an automobile ahead when the latter suddenly stopped. In *Cox v. Wilkes-*

*Barre Railway Corporation,* 340 Pa. 554, 17 A. 2d 367, where plaintiff's auto skidded into the path of a trolley car, the question of contributory negligence was not raised and entry of a nonsuit was affirmed by this Court because no opportunity was afforded the motorman to avoid the accident. Appellant in the instant case does not contend in support of its motion for judgment *non obstante veredicto* that there was not sufficient evidence of defendant's negligence for submission to the jury. In *Metz v. Pittsburgh Railways Company,* 135 Pa. Superior Ct. 534, 7 A. 2d 505, plaintiff left his truck parked in a position preventing a street car from passing without striking it. In *Feinstein v. Philadelphia R. T. Co.,* 100 Pa. Superior Ct. 182, it was held that the accident was solely caused by plaintiff's attempt to move his car on a slippery street without taking precaution to determine how close he was to the track on which a trolley was approaching. In *Rothberg v. Phila. R. T. Co.,* 97 Pa. Superior Ct. 447, plaintiff turned left to avoid hitting a car ahead of him and remained on the trolley track for more than a minute, although admittedly he could have removed his car therefrom by proceeding in a forward direction or by backing. In *Johnson v. Angretti,* 364 Pa. 602, 73 A. 2d 666, the driver of the third vehicle in line of traffic admitted he could have readily brought his truck to a stop and have remained in the line of traffic without colliding with the truck ahead of him. The moment he turned out of line he immediately collided with a truck coming in the opposite direction.

Contributory negligence must be so clearly revealed that fair and reasonable persons cannot disagree as to its existence: *Ashcraft v. C. G. Hussey and Company,* 359 Pa. 129, 58 A. 2d 170; *Hinton v. Pittsburgh Railways Company,* 359 Pa. 381, 59 A. 2d 151. In the latter case plaintiff was stopped on a trolley track when his

motor stalled and while he attempted to start the motor again, the car was moving under its own momentum. The fact that the automobile came to a dead stop without plaintiff attempting to guide it off the tracks was held not to be such conduct as could be classified as contributory negligence as a matter of law.

The physical damage to plaintiff's automobile was along the entire left side. Morton who was sitting beside the plaintiff in the front seat, testified that the trolley first hit the front fender and then scraped on down the side of the automobile, pushing in the left front door and damaging the left rear fender. There were no photographs of plaintiff's automobile and although photographs of the street car were introduced into evidence, they were not included in the printed record or presented to this Court. Defendant contends that the damage done to the automobile incontrovertibly establishes defendant's version of the accident, namely, that plaintiff had not stopped but in trying to pass the car ahead of him he ran into the trolley; that since the evidence established that the automobile was first struck on its left front fender, the automobile would have pivoted in a counter-clockwise direction, throwing the left side and rear of the car away from the trolley. However, while there was no testimony to show the exact position of the automobile after the motor stalled, there was testimony that the entire left side of the automobile was over the center in the dummy space. Assuming that its front was slightly closer to the northbound trolley track, the front of the trolley could have struck the fender and the overhang on the side hit the left front door and the rear left fender. That such happened is entirely consonant with plaintiff's version of the accident. The rule that testimony opposed to incontrovertible physical facts is insuffi-

cient to support a verdict is, therefore, not applicable: See *Streilein v. Vogel,* 363 Pa. 379, 69 A. 2d 97.

Appellant complains that the verdict as reduced at this the second trial of the case to $11,500 is still excessive. At the first trial the jury rendered a verdict of $5,000. Plaintiff then made no motion for a new trial on the grounds of inadequacy. His complaint alleged damages in the amount of $10,000 and the damage clause was not amended until after the verdict in excess thereof rendered at the second trial. Plaintiff contended that his injured left arm during the period between the two trials did not mend as anticipated and he established some additional damages. However, a careful review of the testimony compels the conclusion that the learned court below did not sufficiently reduce the verdict and that it must be further reduced to $9,000 as more nearly representing the true loss.

The judgment in favor of plaintiff, as reduced to $9,000, is affirmed.