Corona, Appellant, *v.* Pittsburgh Railways Company.

Argued March 17, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold Gondelman*, with him *Herbert Jacobson*, and *Jacobson & Gondelman*, for appellant.

*Con F. McGregor*, with him *Bechman, Dunn & Mc-Gregor*, for appellee.

OPINION BY MR. JUSTICE EAGEN, May 3, 1965:

This is an appeal from the refusal of the court below to take off a compulsory nonsuit in an action of trespass.

These are the facts out of which the action arose:

The plaintiff-appellant was operating his automobile one afternoon on Wood Street in Wilkensburg Borough, Allegheny County; he pulled over to the extreme right-hand side of the road to park and to pick up a friend; while he knew the wheels thereof were not touching the curb, he thought his automobile was free and clear of the streetcar tracks located in the middle of the street, but this was not so; a portion of his automobile extended out into the roadway partially blocking the pathway of an approaching streetcar; about two minutes later the left rear of the automobile was struck from behind by a streetcar owned by the defendant and operated by one of its employees, resulting in substantial damage to plaintiff-appellant's vehicle and in serious personal injury to himself.

In entering the compulsory nonsuit, the court below declared plaintiff guilty of contributory negligence as a matter of law on the basis of a violation of the Act of April 29, 1959, P. L. 58, §1021, as amended, 75 P.S. §1021: "No person shall park a vehicle . . ., or permit it to stand . . . upon a highway . . . : . . . (13) Where such stopped or parked vehicle would prevent the free movement of a streetcar."

On appeal, plaintiff raises two questions: (1) Do the facts establish that plaintiff was guilty of contributory negligence as a matter of law? and, (2) Should the court below have submitted the question of whether or not the defendant's motorman was guilty of wanton misconduct to the jury?

We agree with the court below that the plaintiff, by parking his automobile in a manner which blocked the passage of the streetcar in violation of the Act of 1959, supra, was guilty of such contributory negligence as to bar himself from any recovery grounded upon a theory of "mere" negligence. Violation of this section of The Vehicle Code constitutes negligence per se: Cf.

*Steele v. Peoples Natural Gas Co.,* 386 Pa. 439, 127 A. 2d 96 (1956); *DeLuca v. Manchester Laundry & Dry Cleaning Co.,* 380 Pa. 484, 112 A. 2d 372 (1955); and, *Bricker v. Gardner,* 355 Pa. 35, 48 A. 2d 209 (1946). And recovery will be denied to one in violation thereof, if such violation constitutes a proximate cause of the injury: *Metz v. Pittsburgh Rys. Co.,* 135 Pa. Superior Ct. 534, 7 A. 2d 505 (1939).

*Rice v. Philadelphia Transportation Co.,* 394 Pa. 454, 147 A. 2d 627 (1959), and *Kurtz v. Philadelphia Transportation Co.,* 394 Pa. 324, 147 A. 2d 347 (1959), cited by plaintiff-appellant to negate contributory negligence as a matter of law, are distinguishable and inapposite, as are *Dodson v. Philadelphia Transportation Co.,* 366 Pa. 287, 77 A. 2d 383 (1951), *Hinton v. Pittsburgh Rys. Co.,* 359 Pa. 381, 59 A. 2d 151 (1948), and *Wilkerson v. Philadelphia Transportation Co.,* 167 Pa. Superior Ct. 616, 76 A. 2d 430 (1950). In *Kurtz, Dodson,* and *Hinton,* each respective plaintiff found himself stalled upon the streetcar tracks through no fault of his own. In *Wilkerson,* the plaintiff's vehicle skidded on slippery pavement (without negligence) into the path of the oncoming streetcar. In each of these cases, the compelling result is that the plaintiff was not guilty of contributory negligence because he did not wilfully block the path of the streetcar, or at least that the manner of his arrival upon a situation of danger was such as to require a jury determination of negligence vel non. In *Rice,* the plaintiff drove onto the tracks in order to blend into the flow of traffic (at a time when the streetcar was stationary, 150 feet distant, and discharging passengers), but that very flow of traffic prevented his removal from the area of danger. While voluntarily blocking the tracks at inception, the irresistible conclusion is that nonnegligence was predicated upon the involuntary manner in which he was forced to remain there. The only jury question re-

maining was whether he was negligent in attempting to go on his way in the first instance.

In the present case, it is perfectly clear that plaintiff voluntarily assumed a position which in fact blocked the free passage of the streetcar, and that he remained there voluntarily until the moment of impact. This is not a situation where the plaintiff was thrust into peril by circumstances beyond his control. Having placed himself in a position of danger in violation of The Vehicle Code, when a position of safety was equally available, plaintiff's recovery for negligent operation of the streetcar is barred by contributory negligence as a matter of law. Cf. *Weiner v. Philadelphia Rapid Transit Co.*, 310 Pa. 415, 165 A. 252 (1933).

Appellant urges upon us the contention that the violation of the present section of The Vehicle Code requires scienter, and that this element is lacking, in that he did not know that he was blocking free passage of the streetcar. In the first place, this contention ignores the very language of the regulatory section involved. That section does not penalize the "knowing obstruction", but merely the obstruction. Nor is such a result inconsistent with the policy of the section, which is designed to regulate the flow of traffic on public thoroughfares. That the flow is interrupted unknowingly does not in any way alleviate the resulting congestion. Therefore, it is an easy step to conclude that scienter is not an element of the offense as set forth. Furthermore, as applied to negligence vel non, scienter would make the violation even more condemning. We conclude, therefore, that if the violation is a proximate cause of the damage, then it becomes contributory negligence as a matter of law by which recovery is denied.

In regard to proximate cause, assuming the motorman to be "merely" negligent, the language of *Metz v.*

*Pittsburgh Rys. Co.*, supra, is particularly applicable, 135 Pa. Superior Ct. at 537, 7 A. 2d at 506: "His act in allowing his [vehicle] to stand where it 'would prevent the free movement of a street car' concurred with the negligent operation of defendant's street car, and, together, these independent acts of negligence were the proximate cause of the injury. Without the negligence of either there would have been no injury. Plaintiff's violation of the statute therefore was an 'effective' and 'efficient' cause and 'a substantial factor in bringing about the harm' barring his right of recovery." So too, in the present case, had not plaintiff's automobile been blocking the path of the streetcar, the collision would not have occurred. This is not the case where the statutory violation provided only a passive background upon which the causal negligence unfolded, as in *Steele v. Peoples Natural Gas Co.*, supra, and *Deluca v. Manchester Laundry & Dry Cleaning Co.*, supra. Here, the very act of negligence on plaintiff's part became an integral factor of the collision. The failure to observe the duty laid down by the statute was every bit as much a proximate cause of the accident as was the failure of the motorman to proceed more cautiously.

Appellant's final contention raises a closer point, but must likewise be decided in favor of the defendant company. The issue is whether or not there was sufficient evidence to submit the question of defendant's wanton misconduct to the jury, it having been ruled since *Kasanovich v. George*, 348 Pa. 199, 34 A. 2d 523 (1943), that contributory negligence is not a defense to a claim based upon wanton misconduct.

In this connection, the testimony of one of plaintiff's witnesses must be considered. This individual, a passenger in the streetcar, testified that he saw plaintiff's automobile pull over to the right-hand side of

feet away; that, at that moment, the motorman was turned around, handing a transfer to a lady passenger to his rear and saying a couple of words to her, and then he turned again to face the front; that the street-car was traveling at a rate of speed from 18 to 20 miles per hour; and, that when the brakes were finally applied the streetcar was too close to the automobile (or about two streetcar lengths away) to avoid the collision.

In order for the question of wanton misconduct to be a jury question in this case, it was necessary to establish that the motorman realized or at least had knowledge of sufficient facts to cause a reasonable person to realize the perilous position of plaintiff's automobile for a sufficient period of time before the accident to give him a reasonable opportunity to take means to avoid the collision, and, despite this knowledge, he manifested a reckless disregard of the existing danger and peril. See, *Zawacki v. Pennsylvania R. R. Co.*, 374 Pa. 89, 97 A. 2d 63 (1953) ; *Turek v. Pennsylvania R. R. Co.*, 369 Pa. 341, 85 A. 2d 845 (1952) ; *Frederick v. Philadelphia Rapid Transit Co.*, 337 Pa. 136, 10 A. 2d 576 (1940) ; Restatement, Torts §500; Prosser, Torts §33 (2d ed. 1955). The evidence fails to meet this test.

The automobile was not fully within the path of the streetcar. Only a portion thereof jutted out into the street to obstruct safe clearance for the oncoming trolley. The proof does not disclose how much of the automobile was in the pathway of the trolley, or to what point the obstruction extended. It may well have been that only a small portion thereof was in the path of the "overhang" of the trolley. The evidence, therefore, would not warrant or permit the conclusion that the motorman knew or should have known for a sufficient period of time beforehand that a collision was inevitable, or at what point this conclusion should have

been reached. While the testimony of the passenger-witness does prove that the motorman at one point turned his attention momentarily from the road ahead, this could support a conclusion of negligent inattention, but not wanton misconduct. Mere inattention or inadvertence is not wantonness. See, *Kasanovich v. George,* supra, and *Zawacki v. Pennsylvania R. R. Co.,* supra.

Judgment affirmed.

Mr. Chief Justice BELL concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

There are very few persons who can count money, make change, and think of something else at the same time, much less look in another direction. Particularly is this true when the money involved belongs to someone else because, in that case, the temporary custodian realizes he will have to respond to the legitimate owner, should the money disappear.

The motorman here involved was handing a transfer, representing money, to a passenger to his rear, while his streetcar was driving ahead at 18 to 20 miles per hour. During those moments that he was thinking of money and change and transfers and making certain that his accounts were correct, his multiple-thousand-pound steel-and-iron vehicle was plowing ahead like a juggernaut.

The transfer recipient was a lady and there was testimony that the motorman said a "couple of words" to her. What those words were is not in the record, but talking to a lady, regardless of the brevity of the conversation, requires attention which, in the circumstances here obtaining, should have been directed by the motorman to what was before him on the streetcar track. During the time the motorman was passing out his transfer, speaking his couple of words, and looking in the opposite direction from the one in which he should

have been looking, the streetcar was juggernauting forward. Whatever might have been in its way—a baby carriage, a stalled automobile, a child crossing the street—would have to be smashed. Nothing could possibly prevent the collision. A streetcar does not think. This particular motorman, apparently less so.

If an automobile driver had turned his head away from his steering wheel, as the motorman here turned his head away from the controls, and his automobile had collided with a person in his path, there can be no question that the motorist would properly be chargeable with wanton negligence. The fact that the vehicle in this case happened to be on tracks does not alter the principle involved.

The majority opinion says: "In order for the question of wanton misconduct to be a jury question in this case, it was necessary to establish that the motorman realized or at least had knowledge of sufficient facts to cause a reasonable person to realize the perilous position of plaintiff's automobile for a sufficient period of time before the accident to give him a reasonable opportunity to take means to avoid the collision, and, despite this knowledge, he manifested a reckless disregard of the existing danger and peril."

If the motorman had been attending to his duties as a motorman, he would have seen the stationary automobile 200 feet in front of him, and he could easily have brought his streetcar to a stop within that distance. Certainly the majority could not argue that if the motorman had been looking ahead and had seen the automobile on the track and he had not stopped, that the motorman in such a situation would not be guilty of wanton negligence. How does the rule change because the motorman, of his own free volition, averted his gaze and looked in another direction and voluntarily made it impossible for him to see what was in his path?

The majority excuses the motorman by saying that so little of the automobile was on the track that the motorman could not know whether it was on the track or not. Why doesn't the majority exercise the same forbearance with regard to the plaintiff? If the motorman couldn't tell the automobile was within the space required for the streetcar to pass, why wasn't it possible that the plaintiff didn't know his car was in that space? As a matter of fact, there was testimony that the plaintiff, failing to see a yellow line marking the boundary of the parking area, assumed that he was far enough over to permit a street car to pass. The majority says that it doesn't matter whether or not the plaintiff knew he was stopped close to the streetcar track. If, of course, the plaintiff had been reckless and indifferent as to the manner in which he stopped his car to pick up a friend, such conduct would undoubtedly have been a bar to a recovery for damages sustained. However, where the evidence is clear that the plaintiff used caution and where the evidence shows that the circumstances were such as to deceive a reasonably-minded person as to the extent of clearance from the track, his mechanical, unknowing transgression should not deprive him of his right not to have his automobile smashed by a transfer-making passenger-conversing, turned-about, woolgathering motorman.

I dissent.