## Van Ingen v. Wentz

*Maxwell H. Cohen*, for plaintiff.
*John D. DiGiacomo*, for defendant.

WILLIAMS, *P. J.*, June 9, 1975—Plaintiff has filed and served a complaint in trespass in which he seeks to recover damages for an injury incurred by him while skiing at Camelback. Paragraph 7 of the complaint alleges:

"7. The aforesaid occurrence was due solely to the negligence and/or wanton and reckless misconduct of Defendant consisting of:

"(a) Skiing on a marked, restricted trail;

"(b) Skiing through a marked test course;

"(c) Skiing at a high and excessive rate of speed under the prevailing conditions;

"(d) Skiing in such a manner that he was not able to control the direction and velocity of his descent;

"(e) Skiing in a manner which violates the rules of the National Ski Patrol System;

"(f) Skiing in a manner which violates the rules of the Camelback Ski Area;

"(g) Failure to give due and timely warning of his approach to a downhill skier;

"(h) Failure to obey the 'rules of the road' applicable to skiers."

Defendant has filed preliminary objections in the nature of a motion to strike off the complaint under Pa. R.C.P. 1017(b) (2).

Paragraphs 2 and 3 of the preliminary objections, read:

"2. The conduct of the Defendant, William

Wentz, as alleged in Plaintiff's Complaint does not support an allegation of wanton and reckless misconduct on his behalf.

"3. Paragraph 8(e) and the concluding paragraph of Plaintiff's Complaint contains an allegation and count for punitive damages. No facts are averred in the Complaint setting forth the circumstances under which punitive damages should be allowed, and it is essential to allege all of the elements that make up the basis of such a claim. A mere allegation of wanton, reckless or gross negligence is insufficient."

The issue is whether the complaint alleges sufficient facts to sustain the allegation in paragraph 7 of the complaint, which alleges that the accident was caused by the "negligence and/or wanton and reckless misconduct of Defendant. . . ."

## DISCUSSION

Defendant does not argue that the allegations of the complaint are, if proven, insufficient to establish negligence on the part of defendant. Rather it is alleged that the allegation of wanton and reckless misconduct is not established by the factual averments in the complaint.

To establish wanton or reckless conduct, plaintiff's proof must meet the requirements of Restatement, Torts, section 500, which defines "Reckless Disregard for Safety" to exist if the actor "intentionally does an act or fails to do an act which it is his duty to the other to do, knowing *or having reason to know* of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability

that substantial harm will result to him." (Emphasis added.)

Comment (d) thereto states that if the conduct involves a high degree of chance that serious harm will result, the fact, that he knows *or has reason to know* that others are within the range of its efforts, is conclusive of his recklessness.

This section of the Restatement is the law of Pennsylvania; Evans v. Philadelphia Transportation Company, 418 Pa. 567 (1965); Corona v. Pittsburgh Railways Company, 418 Pa. 136 (1965).

No such facts are alleged in the complaint. Paragraph 7(a) alleges that defendant was skiing on a marked, restricted trail; 7(b) alleges that defendant was skiing through a marked test course. There is nothing in these allegations to show that skiing in such a restricted area was either prohibited or constituted reckless or wanton misconduct. Paragraph 7(c) alleges defendant was skiing at a high and excessive rate of speed under the prevailing conditions. This is a conclusion unsupported by any factual averments which establish wanton or reckless conduct. Paragraph 7(d) alleges that defendant was skiing in such a manner he was unable to control the direction and velocity of his descent. This too is a general allegation unsupported by factual averments. Paragraphs 7(e) and (f) allege respectively, violation of the rules of the National Ski Patrol System and the rules of the Camelback Ski Area. How these rules were violated is not stated, nor are there any factual averments which establish wanton and reckless conduct on the part of defendant. Paragraphs 7(g) and (h), likewise, are general allegations unsupported by factual averments.

The purpose for allowing punitive damages is stated in Focht Appellant, v. Rabada, 217 Pa. Superior Ct. 35, 38 (1970):

"Pennsylvania has adopted the rule of punitive damages as set forth in §908 of the Restatement of Torts and the comments thereunder. Section 908(1) provides: '"Punitive damages" are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct.' Comment (b) to the above section states that 'Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others.' See Chambers v. Montgomery, 411 Pa. 339, 344, 192 A. 2d 355 (1963). Thus, the Pennsylvania rule allows the awarding of punitive damages when the act is done with reckless indifference as well as with bad motive."

We find no factual averments in the complaint which establish bad motive or reckless indifference on the part of defendant. Since punitive damages are not awarded to compensate plaintiff for a loss but to punish defendant for outrageous conduct, we believe that the allegations in the complaint should be factually sufficient, if proven, to warrant the infliction of a penalty upon defendant.

## ORDER

And now, June 9, 1975, preliminary objections are sustained. Plaintiff is given 20 days in which to file an amended complaint. If no amended complaint is filed, trial shall proceed on the issue of negligence only.