454 A.2d 119

**Donna L. STUBBS, Appellant,**

v.

**Michael F. FRAZER and Buffalo Van and Storage Co.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1982.

Filed Dec. 23, 1982.

Petition for Allowance of Appeal Denied March 22, 1983.

258

J. Michael Eakin, Carlisle, for appellant.

William F. Martson, Carlisle, for appellees.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

Donna L. Stubbs was injured when she drove her vehicle into the rear of a motionless truck on a Route 15 exit ramp in Cumberland County. A jury found that she had been 75% negligent and Michael P. Frazer, the operator of the truck, 25% negligent in causing the accident. On appeal from a judgment entered in favor of Frazer and his employer, Buffalo Van and Storage Co., Stubbs contends that it was error for the trial court to refuse a jury instruction that the Pennsylvania Comparative Negligence Law [1] was inapplicable if Frazer were found guilty of wanton misconduct. The trial court refused the instruction because there was no evidence of wantonness on the part of the truck driver. We agree that there was no evidence of wanton misconduct and, therefore, affirm the judgment.

On September 23, 1978, between the hours of 1:00 and 2:00 o'clock, a.m., Frazer, accompanied by Kevin Connolly, was driving a truck owned by Buffalo Van and Storage Co. in a southwardly direction on U.S. Route 15 toward Mechanicsburg. As he approached the Slate Hill Road interchange,

1. 42 Pa.C.S. § 7102.

the truck's headlights flickered. Frazer passed this interchange, but, when the lights flickered on and off two or three times more, he moved onto the next available exit ramp at Rossmoyne Road-Wesley Drive. This exit ramp was approximately one-half mile south of the Slate Hill Road exit. As Frazer approached the exit ramp he activated the emergency flashers and slowed the truck's speed. The ramp was .3 mile in length and included a 13 feet wide paved portion and an unpaved berm of similar width. A spur leaves the ramp to the left at a distance of approximately .2 mile from Route 15. As Frazer moved along the ramp at a speed which he estimated to be 10 m.p.h., the truck lights continued to flicker. When he reached a point that was estimated to be 30 feet from the spur, the truck's electrical system failed, the motor stopped, and the truck came to rest in a darkened condition. Within eight to ten seconds thereafter and before the occupants could exit the truck, it was struck in the rear by appellant's car.

In order to prove the foregoing facts, appellant called the driver of the truck as of cross-examination. Her counsel inquired regarding the absence of flares but was told that the accident occurred before the driver could retrieve available flares and get out of the truck. The exit ramp was unlighted and Frazer said that he drove the paved portion of the ramp because he was unaware that there was a berm that would have enabled him to drive the truck along the unpaved portion thereof.

Appellant requested the trial court to instruct the jury as follows:

"5. You should consider whether the defendants' conduct constituted wanton misconduct in reckless disregard of the plaintiff's safety.

6. If you find the defendants' conduct constituted wanton misconduct in reckless disregard of the plaintiff's safety, then, even if the plaintiff was to any degree negligent herself, this negligence does not bar her from a full recovery of her damages."

Wanton conduct "is something different from negligence however gross,—different not merely in degree but in kind, and evincing a different state of mind on the part of the tortfeasor. Negligence consists of inattention or inadvertence, whereas wantonness exists where the danger to the plaintiff, though realized, is so recklessly disregarded that, even though there be no actual intent, there is at least a willingness to inflict injury, a conscious indifference to the perpetration of the wrong." *Turek v. Pennsylvania Railroad Company*, 369 Pa. 341, 344, 85 A.2d 845, 847 (1952), *cert. denied*, 343 U.S. 928, 72 S.Ct. 762, 96 L.Ed. 1339 (1952), quoting *Kasanovich v. George*, 348 Pa. 199, 203, 34 A.2d 523, 525 (1943). Accord: *Zawacki v. Pennsylvania Railroad Company*, 374 Pa. 89, 91, 97 A.2d 63, 65 (1953). "Wanton misconduct means that 'the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.'" *Smith v. Brown*, 283 Pa.Super. 116, 120, 423 A.2d 743, 745 (1980) quoting *Evans v. Philadelphia Transportation Company*, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965). Accord: *Moss v. Reading Company*, 418 Pa. 598, 601, 212 A.2d 226, 228 (1965); *Canery v. Southeastern Pennsylvania Transportation Authority*, 267 Pa.Super. 382, 388 n. 1, 406 A.2d 1093, 1095 n. 1 (1979).

Pennsylvania courts have adopted the standard for reckless or wanton misconduct set forth in Section 500 of the Restatement (Second) of Torts. See: *Parker v. Jones*, 423 Pa. 15, 20, 223 A.2d 229, 232 (1966); *Evans v. Philadelphia Transportation Company, supra*, 418 Pa. at 574, 212 A.2d at 444; *Turek v. Pennsylvania Railroad Company, supra* 369 Pa. at 343, 85 A.2d at 846; *Junk v. East End Fire Department*, 262 Pa.Super. 473, 481–482, 396 A.2d 1269, 1273 (1978). Section 500 of the Restatement (Second) of Torts provides:

"The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an

act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." Comment g of Section 500 of the Restatement (Second) of Torts provides further:

"g. *Negligence and recklessness contrasted.* Reckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency, in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man..."

As a general rule, it is for the jury to determine whether a defendant has been guilty of wanton misconduct under the circumstances. *Evans v. Philadelphia Transportation Company, supra* 418 Pa. at 577, 212 A.2d at 445; *Kasanovich v. George, supra* 348 Pa. at 204, 34 A.2d at 526. However, where, as here, the appellant introduced no evidence to show that the appellee-driver acted in reckless disregard of an existing peril, the issue of wanton misconduct should not be submitted to the jury. *Parker v. Jones, supra; Moss v. Reading Company, supra* 418 Pa. at 601–603, 212 A.2d at 228–229; *Corona v. Pittsburgh Railways Company,* 418 Pa. 136, 142, 209 A.2d 425, 428 (1965); *Zawacki v. Pennsylvania Railroad Company, supra* 374 Pa. at 92, 97 A.2d at 65.

Appellant argues that a jury could have found Frazer guilty of wanton misconduct because he failed to remove his truck from Route 15 at the State Hill Road interchange and also because he failed to stop immediately to investigate the cause of the flickering lights. She also contends

that wantonness could have been found because of an alleged statement attributed to Frazer, but refuted by the truck's maintenance record, that the owner had experienced a prior malfunction of the truck's electrical system.

There is no merit in these arguments. Frazer had not driven the truck for more than a year. On the night in question he had driven the truck from Buffalo, New York without incident before the lights began to flicker along Route 15. When the lights flickered for the first time, there was then no reason to believe that the truck's entire electrical system and engine would fail before he could achieve his destination. Moreover, if he failed to act promptly to remove the truck from the highway, he was guilty of negligence, not wanton misconduct. In short, there was no evidence from which a jury could properly have found that Frazer intentionally or wantonly allowed his vehicle to stop on the exit ramp in reckless disregard of the known presence of appellant's or any other approaching vehicle. The jury could find, as it did, that there was an element of negligence in appellant's conduct under the circumstances shown by appellant's evidence, but there was no evidence from which it could have found a reckless disregard of a known danger. Therefore, the trial court properly refused to instruct the jury regarding wanton misconduct.

Because there was an absence of evidence from which a finding of wanton misconduct could have been made, we do not determine whether the Comparative Negligence Law requires an apportionment of fault where one of the parties has been guilty of wanton misconduct. The courts of Wisconsin, where a comparative negligence law has been enacted which is similar to that in Pennsylvania, have held that an apportionment of fault must be made where a defendant's wanton misconduct has caused injury to a negligent plaintiff. *Bielski v. Schulze,* 16 Wis.2d 1, 114 N.W.2d 105 (1962). See also: *Plyler v. Wheaton Van Lines,* 640 F.2d 1091 (9th Cir.1981) (applying California law); *Billingsley v. Westrac Company,* 365 F.2d 619 (8th Cir.1966) (apply-

ing Arkansas law); *Amoco Pipeline Company v. Montgomery*, 487 F.Supp. 1268 (W.D.Okla.1980); *Sorenson v. Allred*, 112 Cal.App.3d 717, 169 Cal.Rptr. 441 (1980). Other jurisdictions have reached a contrary result. See: *Ryan v. Foster & Marshall, Inc.*, 556 F.2d 460 (9th Cir.1977) (applying Oregon law); *Danculovich v. Brown*, 593 P.2d 187 (Wyo.1979); *Davies v. Butler*, 95 Nev. 763, 602 P.2d 605 (1979); *Draney v. Bachman*, 138 N.J.Super. 503, 351 A.2d 409 (1976). See also: *Johnson v. Tilden*, 278 Or. 11, 562 P.2d 1188 (1977); *Wing v. Morse*, 300 A.2d 491 (Me.1973); Schwartz, Comparative Negligence § 5.3 (1974). We express no opinion.

The judgment is affirmed.