## Humbert v. Bourinski

*L. C. Heim,* for plaintiffs.
*Arthur Dils,* for defendant.
*Patricia A. Butler,* for intervenor.

RAUHAUSER, *J.,* December 5, 1985—This matter is before the court on the motion for judgment on the pleadings of the intervening party, Nationwide Insurance Company.

Plaintiffs Marianne Humbert and Michelle T. Humbert initiated this action when they filed a complaint in trespass on November 10, 1983. Plaintiff Marianne Humbert alleged that on February 21, 1982, at plaintiffs' residence, defendant Leonard J. Bourinski unlawfully struck plaintiff with his fists and threw her to the ground. As a result, plaintiff Marianne Humbert suffered personal injuries. Plaintiffs Marianne Humbert and Michelle Humbert allege that defendant Leonard J. Bourinski's actions were willful, wanton and malicious.

Plaintiffs Marianne Humbert and Michelle Humbert filed an amended complaint on January 11, 1985 alleging two counts of negligence (Counts II and IV) in addition to the two original counts based on intentional misconduct. (Count I and III).

On June 17, 1985, the intervening party, Nationwide Insurance Company, on behalf of defendant Leonard Bourinski, filed a petition to intervene on the ground that a judgment against defendant Leonard Bourinski on the negligence counts may impose liability on Nationwide Insurance Company and defendant Leonard Bourinski failed to set up the defense of the statute of limitations on the negligence counts. The Nationwide Insurance Company was granted leave to intervene on August 3, 1985. On August 13, 1985, the intervening party, Nationwide Insurance Company, filed an answer and new matter raising the statute of limitations as a defense to the action against defendant Leonard Bourinski. Subsequently, Nationwide Insurance Company filed a motion for judgment on the pleadings in favor of defendant Leonard Bourinski as to Counts II and IV of the amended complaint.

On these facts the question now presented is whether the motion for judgment on the pleadings,

filed by the intervening party, Nationwide Insurance Company, should be granted adversely to named plaintiffs, Marianne and Michelle Humbert. This, in turn, depends upon whether or not named plaintiffs' amended complaint filed on January 11, 1985, stated a new cause of action after the statute of limitations had run.

A motion for judgment on the pleadings is in the nature of a demurrer, and all well-pleaded allegations of the opposing party must be viewed as true, while only those facts specifically admitted by him may be considered against him. Enoch v. Food Fair Stores, Inc., 232 Pa. Super. 1, 331 A.2d 912 (1974). Such a motion may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Kams v. Tony Vitale Fireworks Corp., 436 Pa. 181, 259 A.2d 687 (1969).

The principle difference between a motion for judgment on the pleadings and a motion for summary judgment is that the latter puts in issue depositions, answers to interrogatories, admissions on file and supporting affidavits in addition to the pleadings, while a motion for judgment on the pleadings is decided on the basis of the pleadings alone. Yakowicz v. Costigan, 17 Pa. Commw. 287, 331 A.2d 238 (1975).

In general, amendments to pleadings are liberally allowed but an amendment introducing a new cause of action will not be permitted after the statute of limitations has run in favor of defendant. Laursen v. General Hospital of Monroe City, 494 Pa. 238, 431 A.2d 237 (1981). See Kusis v. Baldwin — Lima — Hamilton Corp., 457 Pa. 321, 319 A.2d 914 (1974), Bata v. Central Pennsylvania National Bank, 448 Pa. 355, 293 A.2d 343, cert. denied 409 U.S. 1108 (1972).

However, if the proposed amendment does not change the cause of action, but merely amplifies that which has already been averred, it should be allowed even though the statute of limitations has already run. Schaffer v. Larzelene, 410 Pa. 402, 189 A.2d 267 (1963).

A new cause of action is pleaded if the amended complaint proposes a different theory of recovery. Junk v. East End Fire Department, 262 Pa. Super. 473, 396 A.2d 1269 (1978).

The law is well settled that wanton or intentional misconduct and negligence are separate and distinct legal theories. See Zawacki v. Pennsylvania Railroad Company, 374 Pa. 89, 97 A.2d 63 (1953); Stubbs v. Frazer, 308 Pa. Super. 257, 454 A.2d 119 (1982); Jackson v. Waddle, 11 D.&C.3d 59 (1979).

Wanton conduct is something different from negligence, however gross, different not merely in degree, but in kind, and evincing a different state of mind on the part of the tortfeasor. Zawacki v. Pennsylvania Railroad Company, Id. at 91; Stubbs v. Frazer, Id. at 261; Jackson v. Waddle, Id. at 60-61.

Negligence consists of inattention or inadvertence, whereas, wantonness exists where the danger to plaintiff, though realized, is so recklessly disregarded that even though there be no actual intent, there is at least a willingness to inflict injury and a conscious indifference to the perpetration of the wrong. Zawacki v. Pennsylvania Railroad Company, Id. at 91, Stubbs v. Frazer, Id. at 261; Jackson v. Waddle, Id. at 60-61.

In the instant case, plaintiffs Marianne and Michelle Humbert's original complaint alleged two Counts (I and III) that each plaintiff suffered personal injuries as a result of defendant's willful, wanton and malicious actions. Plaintiffs then amended their complaint to include two counts of negligence

(Counts II and IV). Therefore, plaintiffs have pleaded two separate and distinct causes of action.

Plaintiffs failed to file their amended complaint before the statute of limitations had run. In an action to recover damages for injuries to a person caused by the negligence of another, such action must be commenced within two years of the alleged incident. 42 Pa.C.S. §5524(2) (1981). The cause of action occurred on February 21, 1982, and plaintiffs filed their amended complaint alleging negligence on January 11, 1985.

Therefore, Counts II and IV of plaintiffs' amended complaint are time barred and must be dismissed because they introduced new causes of action based on negligence after the statute of limitations had run.

## ORDER

And now, this December 5, 1985 the motion for judgment on the pleadings filed by the intervening party, Nationwide Insurance Company, is hereby granted.